ANNIE M. BOLSTER *vs.* HERBERT R. BOLSTER, Admr.

JUNE 17, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Accident, Mistake and Unforeseen Cause.*

What constitutes "accident, mistake or unforeseen cause" under Gen. Laws, 1909, cap. 297, § 3, authorizing the filing of an appeal, is a question of law,

and an allegation in a petition that petitioner "by accident, mistake and unforeseen cause failed to claim an appeal" cannot be received as evidence of such without a statement of facts constituting it.

*(2)　Appeal and Error.　Accident, Mistake and Unforeseen Cause.*

Where on the last day for claiming an appeal, the attorney for appellant called up the city clerk on the telephone, and told him it was the last day to claim the appeal and asked if it would be properly filed if sent by mail or if he should send it by messenger, and was advised by the clerk that if it was then mailed it would be filed in time, statement by the clerk that the appeal did not reach him on that day, but whether due to delay in the mail or from whatever cause he could not say, cannot be considered as evidence of accident, mistake or unforeseen cause, but as showing either a mistake of law or an instance of negligence, not entitling petitioner to relief.

*(3)　Appeal and Error.　Accident, Mistake and Unforeseen Cause.*

The existence of accident, mistake or unforeseen cause is under Gen. Laws, 1909, cap. 297, § 3, a condition precedent to relief and in the absence of such reasons, the merits of the case are not open for consideration.

Petition for Relief under Gen. Laws, 1909, cap 297, § 3. Denied.

Johnson, C. J.　This is a petition for leave to file and prosecute an appeal from an order and decree of the probate court of the city of Central Falls approving, allowing, and ordering recorded the final account of Herbert R. Bolster, of Pawtucket, administrator of the estate of William H. Bolster, late of said Central Falls, deceased; wherein said probate court entered a decree of distribution of the balance of said estate.　The statute under which the petition is filed is cap. 297, § 3, Gen. Laws, 1909.

The petition alleges, "that by accident, mistake and unforeseen cause your petitioner failed to claim an appeal by November 4th, A. D. 1912, said fourth day of November, A. D. 1912, being the fortieth day from and after the entry of said decree by said probate court."

The only reasons given in the petition and the affidavits filed by the petitioner for not filing the appeal in time are those contained in the petition, above quoted, and the affidavit of C. Fred Crawford, clerk of said probate court,

in which, after stating that late in the afternoon of November 4th, 1912, he was called up on the telephone by the attorney of the petitioner who said he desired to file a claim of appeal from a decree of the probate court of the city of Central Falls, in the estate of William H. Bolster, allowing the final account of the administrator and entering a decree of distribution; that said November 4th, 1912, was the fortieth day from the entry of said decree of said probate court and was the last day to claim an appeal; and that said attorney asked whether he should send him a claim of appeal by messenger on that day or whether the claim of appeal would be properly filed if he sent it to him by said mail, said Crawford stated that, "I told him that I was going out that evening, but that if he then mailed me the claim of appeal it would be filed in time; that said claim of appeal was mailed me on said date, but as a matter of fact said claim of appeal did not reach me on November 4th, 1912, but whether due to delay in the mail or from whatever cause I cannot say."

(1) What constitutes accident, mistake or unforeseen cause is a question of law, and the above allegation in paragraph six of the petition cannot be received as evidence of such without the statement of facts constituting the "accident," "mistake" or "unforeseen cause." The statement in the affidavit of C. Fred Crawford that said claim of appeal did not reach him on November 4, 1912, but whether due to delay he could not say, can hardly be considered as proving accident, mistake, or unforeseen cause.

In the case at bar the petitioner's counsel was aware that the appeal had to be claimed within the forty days, as appears from said affidavit of C. Fred Crawford, and he knew that the fourth day of November, 1912, was the last day on which the appeal could be claimed, as appears also from said (2) affidavit, but through mistake of law or through negligence in not seeing that said claim of appeal was filed in the office of the probate clerk before midnight on the said last day the same was not filed within the statutory time.

No such "accident," "mistake" or "unforeseen cause" as the statute contemplates is set out in the petition or shown in the affidavits. It was either a mistake of law or it was an instance of negligence.

In *Bassett* v. *Loewenstein et al.*, 23 R. I. 24, this court, Stiness, C. J., said: "In *Howard* v. *Capron*, 3 R. I. 182, it was decided that a mistake of law was not of the character which entitled a party to a new trial under the statute. Obviously this must be so, since otherwise almost any wrong advice or mistake of counsel would entitle his party to a new trial."

Neglect of counsel to take the necessary steps in a cause does not entitle a party to relief under the above statute on the ground of accident, mistake or unforeseen cause. *Hagge-lund* v. *Oakdale Mfg. Co.*, 26 R. I. 520; *Jackvony* v. *Colaluca*, 29 R. I. 441; *McKeough* v. *Gifford*, 30 R. I. 192; *Allen & Reed, Inc.* v. *Russell*, 33 R. I. 422.

The petition also alleges that the administrator through his counsel secured a release from the petitioner, who otherwise was without counsel, upon the representation of said counsel in the presence and without dissent of said administrator, relied upon by the petitioner that, if there was any question or error, he would see that it was made right upon the request of the petitioner. This was supported by the affidavit of the petitioner and denied by the affidavits filed on behalf of the administrator.

(3)    We are of the opinion, however, that the existence of accident, mistake or unforeseen cause, etc., is under the statute a condition precedent to relief under the section in question, and that in the absence of either accident, mistake or unforeseen cause the merits of the case are not open for consideration.

In *Dillon* v. *O'Neal et al.*, 26 R. I. 87, the court had under consideration Section 2, Chapter 251, General Laws, 1896, which is as follows: "Whenever it shall be made to appear to the satisfaction of the appellate division of the Supreme

Court, by any party or garnishee in a suit which shall have been tried or decided in the common pleas division of the Supreme Court, or in any district court, within one year previous to such application, that by reason of accident, mistake, or any unforeseen cause, or for lack of newly-discovered evidence, judgment has been rendered in such suit on discontinuance, nonsuit, default, or report of referees, or that such party or garnishee had not a full, fair and impartial trial in such suit, or, in case a trial has been had in such case, that a new trial therein should be had, such division may grant such trial or new trial upon such terms and conditions as it shall prescribe." All the steps for a new trial had been taken, as required by Gen. Laws, 1896, cap. 251, § 6, except the filing of the petition within fifteen days after the filing of the statement of evidence. The court, Stiness, C. J., said: "We think it is quite clear that the words 'by reason of accident, mistake, or any unforeseen cause,' qualify the remainder of the section. Thus, for example, if a suit has been discontinued by mistake; or accident or sickness, or other unforeseen cause has prevented a party or his witness from reaching court, so that a nonsuit or default has followed; or where there has been a trial it has not been a full, fair, and impartial trial—by reason of some one of the causes named, a trial or a new trial may be granted. The section is evidently intended to apply only to cases of misfortune which the ordinary remedy by a petition for a new trial, on exceptions or on the record, would not reach."

This reasoning applies with equal force to the statute now under consideration.

The petition is denied and dismissed.

*William M. P. Bowen,* for petitioner.

*Clarence N. Woolley,* for respondent.